UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------X

LUKE J. WARNER,

        Plaintiff,

-against-

UNITED STATES OF AMERICA, US DOJ,
FEDERAL BUREAU OF PRISONS, FEDERAL
TRANSFER CENTER OKLAHOMA CITY, USM,
GRADY COUNTY LAW ENFORCEMENT CENTER,
ET AL,

        Defendants.
-----------------------------------X

FILED
Clerk's Office
USDC, MASS.
Date 1-9-19
By_____
Deputy Clerk

Complaint For Damages

Jury Trial Demanded

## JURISDICTION

1. Plaintiff is an individual residing in Ayer, Massachusetts, and is a citizen of the Commonwealth of Massachusetts, in Shrewsbury.

2. Defendant is the UNITED STATES OF AMERICA and particularly the United States Department of Justice, Federal Bureau of Prisons, Federal Transfer Center Oklahoma City, with its principal place of business in Oklahoma City, Oklahoma. Grady County Law Enforcement Center is a USM/FBOP satelite inmate housing for FTC Oklahoma City in Chickasha, Oklahoma.

3. This court has subject matter jurisdiction over this action and the claims asserted in this complaint under 28 U.S.C. § 1346 because the UNITED STATES OF AMERICA is a defendant, and 28 USC § 1332 because of diversity and controversy amont exceeds $75,000.

4. This court has personal jurisdiction over the UNITED STATES OF AMERICA because it is present in and regularly conducts business in the Commonwealth of Massachusetts.

5. Venue is proper in this court under 28 U.S.C. § 1402(b) because the Plaintiff resides in the Commonwealth of Massachusetts.

## CLAIM FOR RELIEF

6. Plaintiff maintains six (6) claims for relief as against Defendant, to wit:

    i. Negligent Treatment of HIV-AIDS-Cancer disorders
       FTC Oklahoma City 05-13-2016 to 05-19-2016

    ii.    Negligent Treatment of Right Shoulder Injury
           FTC Oklahoma City 05-13-2016 to 05-19-2016

    iii.   Conspiracy to Deprive Plaintiff his rights with
           Intent to Injure with Negligent Healthcare
           FTC Oklahoma City 05-13-2016 to 05-19-2016

    iv.    Negligent Treatment of HIV-AIDS-Cancer Disorders
           FTC Oklahoma City 09-23-2016 to 10-03-2016

    v.     Negligent Treatment of Right Shoulder Injury
           FTC Oklahoma City 09-23-2016 to 10-03-2016

    Vi.    Conspiracy to Deprive Plaintiff his rights with
           Intent to Injure with Negligent Healthcare
           FTC Oklahoma City 09-23-2016 to 10-03-2016

## FACTS COMMON TO ALL CLAIMS

7.    Plaintiff has fulfilled all administrative, jurisdictional, and other required prerequistes to commencement. Please see the administrative record appended herewith. **SEE APPENDICES 1-2-3**

## FIRST CLAIM

8.    From 05-13-2016 to 05-19-2016 (dates inclusive), **at the time of Plaintiff's injury,** Defendant operated the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC Oklahoma City").

9.    FTC Oklahoma City failed and refused proper evaluations, consultations, medications and treatments for Plaintiff's serious and critical HIV-AIDS-Cancer disorders.

**10. Defendant** prescribed and administered a regimen of medications that were already failing and proved to be the wrong and toxic combination.

11.   Plaintiff asked for help many times but Defendant and its staff refused treatments, lied to plaintiff about the severity of his disorders and injries, falsified/hid-tampered with plaintiff's medical records, routinely engaged in negligent and corrupt practices, and transferred plaintiffin poor health.

12. Defendant negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's HIV-AIDS-Cancer disorders have since decompensated to develop a new Leukemia or cancer. Plaintiff's HIV-AIDS has not improved and is at risk for more serious opportunistic infections. Plaintiff often experiences symptoms of sickness (fevers, fatigue, soreness, nauseau, insomnia).

13. Defendant's negligent acts and/or omissions have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options.

14. The negligence of the defendant was the proximate cause of all of the plaintiff's injuries and damages.

15. Plaintiff demands a trial by jury on this claim and on all claims.

## SECOND CLAIM

16. Plaintiff repeats, realleges, and reiterates all paragraphs stated above as if they were **fully** stated herein and further alleges as follows.

17. From 05-13-2016 to 05-19-2016 (dates inclusive), at the time of plaintiff's injury, defendant operated FTC Oklahoma City.

18. FTC Oklahoma failed and refused proper MRI evaluation, consultation, surgery and physical therapy for plaintiff's right shoulder injury (torn supraspinatus rotator cuff). Plaintiff entered the Federal Bureau of Prisons system with this injury.

19. Plaintiff asked for help many times, but Defendant and its staff refused treatments, lied to plaintiff about the severity of his injury and disorders, **hid,** falsified and tampered with

plaintff's medical records, engaged in routine negligent and corrupt practices, transferred plaintiff with his injury and in poor health. This treatment is not commensurate with modern medical sciences.

20. Defendant negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's right shoulder injury is still not treated and plaintiff's HIV-AIDS-Cancer disorders have decompensated and developed a new cancer or Leukemia. Plaintiff's arm will have permanent disability.

21. Defendant's negligent acts and/or omissions have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options. Plaintiff's right shoulder is seriously painful every day, disrupts his sleep every night, prevents plaintiff from proper exercise, disables plaintiff's abilities, is causing plaintiff's HIV-AIDS-Cancer disorders to decompensate. Plaintiff has no other treatment options.

22. The negligence of the defendant was the proximate cause of all of the plaintiff's injuries and damages.

23. Plaintiff demands a trial by jury on this claim and on all claims.

### THIRD CLAIM

24. Plaintiff repeats, realleges, and reiterates all paragraphs stated above as if they were fully stated herein and further alleges as follows.

25. From 05-13-2016 to 05-19-2016 (dates inclusive), at the time of plaintiff's injury, defendant operated FTC Oklahoma City.

26. Plaintiff is informed and believes, and on that basis alleges, that the defendant and others, and each of them, knowingly, maliciously, and willfully conspired and agreed among themselves to tortiously or unlawfully injure the plaintiff by committing the acts alleged here in furtherence of their conspiracy and agreement.

27. Plaintiff is further informed and believes, and on that basis alleges, that the defendant and others, and each of them, knowingly and willfully conspired to deprive plainitff's rights with intent to injure plaintiff with negligent treatment of right shoulder injury (torn supraspinatus rotator cuff) and HIV-AIDS-Cancer disorders. This misconduct started at the prior prisons, was engaged at this said prison, and has been continued at the subsequent prisons into the current day. **Defe**ndant and others have refused treatments, lied to plaintiff about the severity of his disorders and injury, falsified medical records, practice negligent and corrupt activities, and transferred plaintiff in poor health.

28. Plaintiff is also informed and believes, and on that basis alleges, that the tortious course of conduct and the iℓlegal acts described below were done in furtherance of the objectives of the conspiracy, all to plaintiff's damage, as alleged.

29. Plaintiff is also informed and believes, and on that basis alleges, that defendants, jointly and severally, furthered this conspiracy by ratifying and adopting the acts of each of the other members of the conspiracy. As a legal result of this conspiracy, plaintiff has suffered the damages set forth here, which were actually and proximately caused jointly and severally by each and every defendant; and co-conspirator.

30. Plaintiff is informed and believes, and on that basis alleges, that the defendant and others, and each of them, knew of some or all of the wrongful acts described below, and that they nevertheless knowingly assisted in the performance of those wrongful acts, or otherwise participated in furtherance of the conspiracy to plaintiff's damage, as alleged.

31. The defendant and others, and each of them, acted with actual malice in connection with the actions and/or omissions in question. That is, the defendant and others had actual knowledge that their actions and/or omissions would harm plaintiff, or in the alternative, acted in reckless disregard for the health, safety, and well-being of the plaintiff.

32. Defendant and others negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's right shoulder injury is still not treated and his arm will have a permanent disability. Plaintiff's HIV-AIDS-Cancer disorders have decompensated to develop a new cancer or Leukemia. This conspiracy caused plaintiff life-threatening disorders and physical disability. Plaintiff experiences serious pain every day, disruptive sleep every night, preventing proper exercise, disables plaintiff's abilities, prevents plaintiff from recovering his health, and other serious, severe and permanent injuries.

33. The defendant and others, and each of them, have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options.

34. Plaintiff demands a trial by jury on this claim and on all claims.

## FOURTH CLAIM

35.     Plaintiff repeats, realleges, and reiterates all paragraphs stated above as if they were fully stated herein and further alleges as follows.

36.     From 09-23-2016 to 10-03-2016 (dates inclusive), at the time of plaintiff's injury, defendant operated FTC Oklahoma City, and Grady County Law Enforcement Center.

37.     FTC Oklahoma failed and refused proper evaluations, consultations, medications, and treatment for plaintiff's serious-critical HIV-AIDS-Cancer disorders. Defendant prescribed and administered a regimen of medications that were already failing and proved to be the wrong and toxic combination.

38.     Plaintiff asked for help many times but defendant and its staff refused treatments, lied to plaintiff about the severity of his disorders and injuries, falsified-hid-tampered with plaintiff's medical records, routinely engaged in negligent and corrupt practices, and transferred Plaintiff in poor health to a facility with no infectious disease specialist.

39.     Defendant negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's HIV-AIDS-Cancer disorders have since decompensated to develop a new Leukemia or cancer. Plaintiff's HIV-AIDS has not improved and is at risk for more serious opportunistic infections. Plaintiff often experiences symptoms of sickness (fevers, fatigue, soreness, nausea, insomnia). This has subjected plaintiff to life-threatening injury by worsening his disorders.

40.     Defendant's negligent acts and/or omissions have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options.

41.     The negligence of the defendant was the proximate cause of all the plaintiff's injuries and damages.

42.     Plaintiff demands a trial by jury on this claim and on all claims.

## FIFTH CLAIM

43.     Plaintiff repeats, realleges, and reiterates all paragraphs stated above as if they were fully stated herein and further alleges as follows.

44.     From 09-23-2016 to 10-03-2016 (dates inclusive), at the time of plaintiff's injury, defendant operated FTC Oklahoma City, and Grady County Law Enforcement Center.

45.     FTC Oklahoma failed and refused proper MRI evaluation, consultation, surgery and physical therapy for plaintiff's right shoulder injury (torn supraspinatus rotator cuff). Plaintiff entered the Federal Bureau of Prisons system with this injury.

46.     Plaintiff asked for help many times, but Defendant and its staff refused treatments, lied to plaintiff about the severity of his injury and disorders, hid, falsified and tampered with plaintiff's medical records, engaged in routine negligent and corrupt practices, transferred plaintiff with his injury and in poor health to a facility with no infectious disease medical doctor. This treatment is not commensurate with modern medical sciences.

47.     Defendant negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's right shoulder injury is still

not treated and plaintiff's HIV-AIDS- Cancer disorders have decompensated and developed a new cancer or Leukemia. Plaintiff's arm will have permanent disability.

48.     Defendant's negligent acts and/or omissions have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options. Plaintiff's right shoulder is seriously painful every day, disrupts his sleep every night, prevents plaintiff from proper exercise, disables plaintiff's movements, is causing plaintiff's HIV-AIDS- Cancer disorders to decompensate. Plaintiff has no other treatment options.

49.     The negligence of Defendant was the proximate cause of all of the plaintiff's injuries and damages.

50.     Plaintiff demands a trial by jury on this claim and on all claims.

## SIXTH CLAIM

51.     Plaintiff repeats, realleges, and reiterates all paragraphs stated above as if they were fully stated herein and further alleges as follows.

52.     From 09-23-2016 to 10-03-2016 (dates inclusive), at the time of plaintiff's injury, defendant operated FTC Oklahoma City, and Grady County Law Enforcement Center.

53.     Plaintiff is informed and believes, and on that basis alleges, that the defendant and others, and each of them, knowingly, maliciously, and willfully conspired and agreed among themselves to tortiously or unlawfully injure the plaintiff by committing the acts alleged herein in furtherance of their conspiracy and agreement.

54.   Plaintiff is further informed and believes, and on that basis alleges, that the defendant and others, and each of them, knowingly and willfully conspired to deprive plaintiff's rights with intent to injure plaintiff with negligent treatment of right shoulder injury (torn supraspinatus rotator cuff) and HIV-AIDS-Cancer disorders. This misconduct started at the prior prisons, was engaged at this said prison, and has been continued at the subsequent prisons into the current day. Defendant and others have refused treatments, lied to plaintiff about the severity of his disorders and injury, falsified medical records, practice negligent and corrupt activities, and transferred plaintiff in poor health to a facility with no infectious disease medical dopctor on staff nor on contract.

55.   Plaintiff is also informed and believes, and on that basis alleges, that the tortious course of conduct and the illegal acts described below and herein were done in furtherance of the objectives of the conspiracy, all to plaintiff's damage, as alleged.

56.   Plaintiff is also informed and believes, ahd on that basis alleges, that defendants, jointly and severally, furthered this conspiracy by ratifying and adopting the acts of each of the other members of the conspiracy. As a legal result of this conspiracy plaintiff has suffered the damages set forth herein, which were actually and proximately caused joitly and severally by each and every defendant and co-conspirator.

57.   Plaintiff is informed and believes, and on that basis alleges, that the defendant and others, and each of them, knew of some or all of the wrongful acts described below, and that they nevertheless knowingly assisted in the performance of those wrongful acts, or otherwise participated in furtherance of the

conspiracy to plaintiff's damage, as alleged.

58. The defendant and others, and each of them, acted with actual malice in connection with the actions and/or omissions in question. That is, the defendant and others had actual knowledge that their actions and/or omissions would harm plaintiff, or in the alternative, acted in reckless disregard for the health, safety, and well-being of the plaintiff. To wit, Defendants transferred plaintiff from FTC Oklahoma City for housing at Grady County Law Enforcement Center, upon his arrival at FTC Oklahoma City and pending his immanent transfer to FCI Terre Haut, both of which were negligent transfers and designations. Thereby, Defendants neglected to perform the requisite intervention classification and medical screening reviews, to have stopped plaintiff's transfer to FCI Terre Haute, and made a competent re-designation to a more appropriate medical care facility.

59. Defendant and others negligently caused the harm alleged to plaintiff. Plaintiff contends that this negligence of the defendant was gross and wanton. Plaintiff's right shoulder injury is still not treated and his arm will have a permanent disability. Plaintiff's HIV-AIDS-Cancer disorders have decompensated to develop a new cancer or Leukemia. This conspiracy caused plaintiff life-threatening disorders and physical disability. Plaintiff experiences serious pain every day, disruptive sleep every night, preventing proper exercise, disables plaintiff's abilities, prevents plaintiff from recovering his health, and other serious, severe and permanent injuries.

60. The defendant and others, and each of them, have subjected plaintiff to life-threatening injury by worsening plaintiff's disorders while plaintiff has no other treatment options.

61.     Plaintiff demands a trial by jury on this claim and on all claims.

### JURY TRIAL DEMAND

62.     Plaintiff demands a jury trial on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE Plaintiff requests judgment against the defendant:

A.  For his pain, suffering, inconvenience, and mental anguish as determined by the trier of fact;

B.  For his medical expenses incurred to date and for future medical expenses.

C.  For his loss of earnings and any loss of future earnings or earning capacity;

D.  For his costs of suit;

E.  For all other relief to which he may be entitled.

Dated:  Ayer, Massachusetts

January 01, 2019                         _/s/ Luke J. Warner_
                                          LUKE J. WARNER

SERVICE: Plaintiff requests for this Court to order service of this complaint and a summons upon the defendants, pursuant to FRCP Rule 4(c)-Service, as plaintiff is proceeding In Forma Pauperis.